UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

LOANA L. LAUDERMAN,

    Plaintiff,                             Case No. 3:18-cv-381

vs.

COMMISSIONER OF SOCIAL SECURITY,      District Judge Walter H. Rice
                                                       Magistrate Judge Michael J. Newman

    Defendant.

_____

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING AT ISSUE BE AFFIRMED AS SUPPORTED BY SUBSTANTIAL EVIDENCE; AND (2) THIS CASE BE TERMINATED ON THE DOCKET**
_____

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") prior to her date last insured ("DLI") of June 30, 2014. This case is before the Court on Plaintiff's Statement of Errors (doc. 7), the Commissioner's memorandum in opposition (doc. 10), Plaintiff's reply (doc. 11), the administrative record (doc. 6),[2] and the record as a whole.

I.

A.     **Procedural History**

Plaintiff filed for DIB alleging a disability onset date of August 26, 2014. PageID 619. Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*,

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.
[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

1

chronic obstructive pulmonary disease ("COPD"), hypertension, type 2 diabetes mellitus, obesity, and sleep apnea. PageID 61.

After initial denial of her application, Plaintiff received a hearing before ALJ Stuart Adkins on November 1, 2017. PageID 75-101. The ALJ issued a written decision on April 9, 2018 finding Plaintiff not disabled prior to her DLI. PageID 58. Alternatively, assuming, *arguendo*, that Plaintiff could overcome the DLI of June 30, 2014, the ALJ found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of light work,[3] "there are jobs in that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" PageID 58-69.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 43-49. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

**B.     Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 58-69), Plaintiff's Statement of Errors (PageID 619-29), the Commissioner's memorandum in opposition (PageID 633-52), and Plaintiff's reply (PageID 653-58). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

---

[3] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or…sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id*. Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § 404.1567(a).

**II.**

**A. Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

**B. "Disability" Defined**

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable"

and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In her Statement of Errors, Plaintiff argues that the ALJ erred in determining: (1) her RFC; and (2) that she could perform other work in the national economy. PageID 619-629. In response, the Commissioner argues that Plaintiff's insured status expired eight-weeks prior to the date she alleges disability. PageID 633.

To be eligible for disability benefits, a claimant "must establish the onset of disability prior to the expiration of [the claimant's] insured status." *Garner v. Heckler*, 745 F.2d 383, 390 (6th Cir. 1984) (quoting *Gibson v. Secretary*, 678 F.2d 653, 654 (6th Cir. 1982) (internal quotations omitted)), *i.e.*, by the DLI. Here, Plaintiff alleges disability commencing on August 26, 2014, which is approximately two months after her DLI of June 30, 2014. PageID 58. Further, Plaintiff's medical records show ongoing impairments only as of August 28, 2014, which, again, is approximately two months after her DLI. PageID 564. Thus, Plaintiff did not establish the onset of disability prior to the expiration of her insured status. *Garner*, 745 F.2d at 390. (holding "insured status is a requirement for an award of disability insurance benefits.").

Further, the undersigned notes that Plaintiff's medical records include treatment notes from an emergency department visit on December 3, 2013, prior to her DLI, for cough and shortness of breath. PageID 268-306. Except for that isolated treatment record from eight months prior to Plaintiff's DLI, the record contains no other medical records or opinions before June 30, 2014. As Plaintiff alleges disability commencing on August 26, 2014, her 2013 emergency department treatment records are of limited relevance as they considerably predate Plaintiff's alleged disability onset date. *Martin v. Colvin*, 207 F.Supp.3d 782, 790 (S.D. Ohio Sept. 13, 2016) (citing *Melius v. Colvin*, No. cv 15-10820, 2016 WL 633953, at *4 (E.D. Mich. Feb. 9, 2016), *report and recommendation adopted sub nom. Melius v. Comm'r of Soc. Sec.*, No. 15-cv-10820, 2016 WL 1104467 (E.D. Mich. Mar. 22, 2016) (noting the limited relevance of records that predate the alleged disability onset date).

In light of all of the foregoing, and also having carefully considered the ALJ's analysis leading to the non-disability finding here at issue, the undersigned finds the ALJ carefully and reasonably developed and reviewed the record (including Plaintiff's DLI); appropriately

considered the medical evidence at issue; reasonably assessed Plaintiff's credibility; and accurately determined Plaintiff was not disabled as of her June 30, 2014 DLI.

## IV.

**IT IS THEREFORE RECOMMENDED THAT:** (1) the Commissioner's non-disability finding be found supported by substantial evidence and **AFFIRMED**; and (2) this case be **TERMINATED ON THE DOCKET**.

Date: 1/31/2020                                  /s/Michael J. Newman
                                                 Michael J. Newman
                                                 United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).