IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LOANA L. LAUDERMAN,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

:
:
:
:
:

Case No. 3:18-cv-381

JUDGE WALTER H. RICE

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #12); OVERRULING PLAINTIFF'S OBJECTIONS THERETO (DOC. #13); AFFIRMING COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT; JUDGMENT TO BE ENTERED IN FAVOR OF DEFENDANT COMMISSIONER AND AGAINST PLAINTIFF; TERMINATION ENTRY

---

Plaintiff Loana Lauderman has brought this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Defendant Commissioner denying Plaintiff's application for Social Security disability benefits. The Court presumes the parties' familiarity with the relevant facts and procedural history.

A claimant must establish "the onset of disability prior to the expiration of [her] insured status." *Gibson v. Sec'y*, 678 F.2d 653, 654 (6th Cir. 1982). Here, although Plaintiff alleged a disability onset date of August 26, 2014, the last date that she was insured was almost two months earlier, on June 30, 2014. The Administrative Law Judge ("ALJ") found that Plaintiff failed to prove that she was

disabled on or before June 30, 2014. The ALJ concluded that, as of that date, Plaintiff retained the residual functional capacity ("RFC") to perform a reduced range of light work. Doc. #6-2, PageID#68.

On January 31, 2020, United States Magistrate Judge Michael J. Newman filed a Report and Recommendations, Doc. #12, recommending that the court affirm the Commissioner's decision. Although medical records showed an ongoing physical impairment as of August 26, 2014, the date of the alleged onset of disability, they did not support a finding of a disability prior to June 30, 2014, the date last insured ("DLI").

The only medical records submitted from prior to June 30, 2014, were from a December 3, 2013, visit to the emergency room for cough and shortness of breath. Given that this was six months prior to the DLI and eight months prior to the alleged onset of disability, Magistrate Judge Newman noted that these medical records were of limited relevance. He found that the ALJ had carefully reviewed the record, considered all medical evidence, reasonably assessed Plaintiff's credibility, and accurately determined that Plaintiff was not disabled as of June 30, 2014.

In reviewing the Commissioner's decision, the Court's task is to determine whether the ALJ used the correct legal criteria and whether the non-disability finding is supported by "substantial evidence." 42 U.S.C. § 405(g); *Bowen v Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Under 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions

2

of the Report and Recommendations to which proper objections are made. The Court must re-examine all the relevant evidence previously reviewed by the Magistrate Judge to determine whether the Commissioner's findings are supported by substantial evidence. *Valley v. Comm'r of Soc. Sec.*, 427 F.3d 388, 390 (6th Cir. 2005). In making this determination, "we review the evidence in the record taken as a whole." *Wilcox v. Sullivan*, 917 F.2d 272, 276-77 (6th Cir. 1980) (citing *Allen v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980)).

The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). The Court "may not try the case *de novo* nor resolve conflicts in evidence nor decide questions of credibility." *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)).

"The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Rather, if the Commissioner's decision "is supported by substantial evidence, then we must affirm the [Commissioner's] decision[,] even though as triers of fact we might have arrived at a different result." *Elkins v. Sec'y of Health and Human Servs.*, 658 F.2d 437, 439 (6th Cir. 1981) (citing *Moore v. Califano*, 633 F.3d 727, 729 (6th Cir. 1980)).

3

Based upon the reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations, Doc. #12, as well as upon a thorough *de novo* review of this Court's file, including the Administrative Record, Doc. #6, and the applicable law, this Court ADOPTS the Report and Recommendations in their entirety, and AFFIRMS the decision of the Defendant Commissioner. Magistrate Judge Newman properly concluded that the Commissioner's decision that Plaintiff was not disabled as of June 30, 2014, was supported by substantial evidence. Plaintiff's Objections to the Report and Recommendations, Doc. #13, are OVERRULED.

Plaintiff argues that, even though the medical records from her December 3, 2013, hospital visit may have limited probative value in determining whether she was disabled in June of 2014, this evidence may nevertheless be considered in conjunction with later medical records. *See DeBoard v. Comm'r of Soc. Sec.*, 211 F. App'x 411, 414 (6th Cir. 2006) (recognizing that "evidence presented at an earlier hearing or predating the onset of disability, when evaluated in combination with later evidence, may help establish disability. This is particularly true when the disabling condition is progressive.").

Plaintiff maintains that the December 2013 medical records show that her breathing problems manifested prior to June 30, 2014, and continued to progress thereafter. The doctor made no formal diagnosis in December of 2013, but noted COPD exacerbation with a significant smoking history. Plaintiff's discharge notes from that hospital visit show that she "requires oxygen with ambulation." Doc.

4

#6-7, PageID#288. The physician's treatment plan was to "[w]ean oxygen as tolerated." *Id.* at PageID#282. The ALJ noted that this suggests that the oxygen use was not to be continuous. He concluded that the hospitalization did not support symptoms as severe as alleged. Doc. #6-2, PageID#63.

There is no medical evidence indicating that Plaintiff sought any additional treatment for her condition between December of 2013, and the alleged onset date of August 26, 2014. This weighs against a finding that her disabling condition was "progressive" such that evidence of treatment after the alleged onset date is probative of her disabled status prior to June 30, 2014.

On August 26, 2014, Plaintiff was again admitted to the hospital for cough, congestion and shortness of breath. She first told doctors that she was on continuous oxygen, but later said that she used it only as needed. *Id.* The ALJ noted that Plaintiff's breathing improved markedly with treatments. He concluded that the treatment notes from the August 2014 hospitalization "do not support respiratory symptoms as intense, persistent, or limiting as alleged through the date last insured." *Id.* at PageID##63-64.

At the hearing, the vocational expert testified that, if Plaintiff were oxygen-dependent, she would be unable to engage in competitive work. Doc. #6-2, PageID#99. However, the ALJ noted the numerous inconsistencies in Plaintiff's testimony about her need for continuous oxygen and concluded that "the record does not support a finding that the claimant was oxygen-dependent until well after the date last insured." *Id.* at PageID##63-66.

5

As the ALJ pointed out, "even the claimant indicated that she did not believe[] she was disabled prior to the [] subsequent hospitalization, as she alleged an onset date of August 26, 2014, almost two months after her date last insured." *Id.* at PageID#63.

For the reasons stated above, the Court concludes that the ALJ's non-disability finding is supported by substantial evidence. The Court therefore affirms the decision of the Defendant Commissioner.

Judgment shall be entered in favor of the Defendant Commissioner and against Plaintiff.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.


Date: March 11, 2020

_____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE